UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MICHAEL MILLER,                    }
                                   }
            PLAINTIFF,             }
                                   }
V.                                 }
                                   }   CIVIL ACTION NUMBER:
NATIONAL ENTERPRISE SYSTEMS,       }
INC.,                              }   **JURY TRIAL DEMANDED**
                                   }
            DEFENDANT.             }

## PLAINTIFF'S COMPLAINT

1. This is an action brought by the Plaintiff, Michael Miller ("Miller", for actual and statutory damages, attorney's fees, and costs for Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that the Defendant transacted business here, and the Plaintiff resides here.

## PARTIES

3. The Plaintiff is a resident and citizen of the state of Alabama, Jeferson County, and is over the age of twenty-one (21) years.

4. The Defendant, National Enterprise Systems, Inc. ("NES"), is incorporated in Ohio and with a principal office in the state of Ohio. NES was, in all respects and at all times relevant herein, doing business in the state of Alabama. The Defendant is engaged in the business of collecting consumer debts from consumers residing in Jefferson County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

5. NES uses telephone communications in its business.

6. The principal purpose of NES's business is the collection of debts.

7. NES regularly collects or attempts to collect debts owed or due, or asserted to be owed or due another.

8. NES is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

9. In the course of attempting to collect a debt allegedly due from Plaintiff to a business not a party to this litigation, NES communicated with Plaintiff in a manner which violated the Federal Fair Debt Collection Practices Act.

10. On at least thirty (30) occasions, in June and July, 2008, NES left a recorded voice message on the Plaintiff's cellular telephone voice mail box. These messages came from many different agent/employees of NES, and gave many different call-back numbers, all of which are assigned to NES.

11. In the phone messages, the recordings did not state the communication was from a debt collector.

12. In the phone messages, the recordings did not state the communication was an attempt to collect a debt.

13. Many of the telephone calls also violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq.

14. In placing many of the telephone calls, NES used an automatic telephone dialing system.

15. Many of the phone messages used an artificial or prerecorded voice.

16. The actions done in paragraphs 18 and 19 were done willfully and knowingly.

17. The telephone calls were made to a telephone number assigned to a cellular telephone service.

18. Defendant's communications violate the Fair Debt Collection Practices Act.

19. Defendant's communications violate the Telephone Consumer Protection Act.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

20. The Plaintiff adopts the averments and allegations of paragraphs 1 through 19 hereinbefore as if fully set forth herein.

21. The Defendant has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to the Plaintiff's alleged consumer debt.

22. Defendant used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

23. The Defendant violated § 1692d by using harassment and/or abusive means to attempt to collect a debt.

24. Defendant failed to disclose in subsequent communications that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11).

25. As a result of defendant's actions, the plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

## COUNT TWO
## TELEPHONE CONSUMER PROTECTION ACT

26. The acts of Defendant constitute violations of the Telephone Consumer Protection Act.

27. Defendant's violations of the TCPA include, but are not limited to, the following:

28. The placement of a telephone call (other than a cell made for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service, is in violation, in violation of 47 U.S.C. § 227b(1)(A)(iii).

29. As a result of the defendant's actions, the plaintiff is entitled to an award of statutory and trebled damages.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against the defendant as follows:

A. Declaratory judgment that the Defendant's conduct violated the FDCPA and TCPA;
B. Statutory damages of $1,000 from the Defendant for the violations of the FDCPA (15 U.S.C.§1692k);
C. Actual damages for the Defendant's violations of the FDCPA;
D. Costs and reasonable attorney's fees from the Defendant pursuant to 15 U.S.C.§1692k; and
E. Statutory and trebled damages for the violations of the TCPA.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

_/s/ W. Whitney Seals_
W. Whitney Seals
ASB 8890-W81S
Pate & Cochrun, LLP
P.O. Box 10448
Birmingham, AL 35202-0448
Phone (205) 323-3900

_/s/ Michael W. Lindsey_
Michael W. Lindsey
ASB 4328-A63L
Lindsey Law Firm, LLC
One Perimeter Park Dr., Ste 330 N
Birmingham, AL 35243
Phone: (205) 970-2233

**SERVE DEFENDANT VIA CERTIFIED MAIL:**
National Enterprises Systems, Inc.
C/O The Corporation Company
2000 Interstate Park Dr., Ste 204
Montgomery, Al 36109